Helen GERBER

v.

RIVERHILL ASSOCIATES, L.P. et al.

No. 97–533–A.

Supreme Court of Rhode Island.

Oct. 26, 1998.

Americo M. Scungio, Westerly.

Matthew T. Oliverio.

ORDÈR

Is a withdrawing partner entitled to a judgment against the partnership for the amount of money he loaned to the business if the partnership has not breached its obligation to repay the loan? For the reasons set forth below, we answer this question in the negative.

This case is before the Court on the appeal of defendants, Riverhill Associates, L.P. and James F. Gilbert (defendants or Riverhill), from a Superior Court judgment in favor of plaintiff, Helen Gerber.[1] A Superior Court justice held that Riverhill owed plaintiff's husband, Sheldon L. Gerber (Gerber), the sum of $96,216 plus interest for loans he had made to Riverhill. However, the court stayed execution on the judgment until Riverhill could meet its other partnership obligations, as per the parties' agreement. Riverhill also appeals the court's judgment in plaintiff's favor on Riverhill's counterclaim for contribution and indemnification of partnership debts incurred while Gerber was a general partner of Riverhill.

The judgment for plaintiff included the following findings:

"1. [Gerber] made advances to the partnership in the amount of $96,216.00.

"2. [Gerber] withdrew from the partnership with the consent of the other partners.

"3. [Gerber] did agree to wait for repayment of his advances until the venture became profitable.

* * *

"6. The Plaintiff has failed to prove by a preponderance of the evidence that the partnership has breached the terms of the partnership agreement as those terms apply to [Gerber].

"7. It was not possible or practicable for the partnership to make a loan repayment to [Gerber] the partnership had insufficient cash to do so.

* * *

"8. [sic][T]he Plaintiff has proven by a preponderance of the evidence that [she] is owed the sum of $96,216.00, plus interest at the rate similar to Fleet Bank prime plus one [percent] until such time as [Gerber's] loans are repaid.

"9. The plaintiff is entitled under Rhode Island General Laws § 7–13–34 to repayment of [Gerber's] loans in accordance with the partnership agreement; that is [[s]he's] entitled to repayment of [Gerber's] loans as soon as practicable prior to the distribution of the net income of the partnership.

"10. That there are no provisions in the parties' agreement which would imply any expectation of indemnification on partnership debt.

"11. The Defendant has failed to prove, by a preponderance of the evidence, without knowing the outcome of the partnership purpose, that the defendant is entitled to any right of equitable indemnification for one half of the $1.2 million loan which originated when [Gerber] was a partner."

Dated June 24, 1997.

We ordered the parties to show cause why we should not proceed to decide these appeals without further briefing and argument. None having been shown, we proceed to affirm the judgment in part and reverse in part.

The defendants raise two arguments of their appeal. First, they contend that the trial justice erred in entering judgment for the plaintiff despite her findings that (1)

---

1. The caption of the case in the Superior Court listed Sheldon L. Gerber as plaintiff. However, Sheldon Gerber assigned his interest in the promissory note at issue to his wife, Helen Gerber. As a result, the trial justice granted plaintiff's motion to substitute Helen Gerber for her husband as party plaintiff.

defendants did not breach the partnership agreement and (2) the parties had agreed that the partners' loans would not be repaid until it was practicable to do so; that is, until the other partnership liabilities were extinguished and their venture became profitable. The defendants assert they never disputed Riverhill was indebted to Gerber for the personal loans he advanced to the partnership while he was a general partner. However, they contend that plaintiff is not yet entitled to repayment.

The plaintiff's complaint alleged that Gerber had loaned monies to Riverhill, that Gerber had demanded repayment upon his withdrawal from the partnership, and that Riverhill refused to make such repayment. The relief sought was repayment of the amount loaned. The plaintiff claimed breach of contract, but the trial justice expressly determined no breach occurred. Under G.L. § 7–13–34 (1956) (1992 Reenactment), a withdrawing partner is entitled to receive any distribution which he is due within a reasonable time unless the partnership agreement provides otherwise. Here, section 10 of the partnership agreement specifies that loans from partners would not be repaid until it was practicable for the partnership to do so. The Superior Court held it was neither practical nor possible for Riverhill to repay Gerber's loans "until Riverhill pays and accounts for the partnership obligations." Moreover, the parties expressly confirmed that this was not a declaratory judgment action. Therefore, the trial justice erred in entering judgment for the plaintiff on the breach of contract claim because no breach had occurred and no declaratory relief was sought. Accordingly, we vacate that portion of the judgment.

The defendants next argue that the trial court erred in entering judgment for plaintiff on defendants' counterclaim for contribution or indemnification with respect to partnership liabilities. The trial justice summed up the relevant facts:

> "There was a partnership from which [Gerber] was forced to withdraw, that the defendant [Gilbert] elected to remain in the partnership and pursue what may be a potentially profitable benefit, that [Gerber]

did not act with any fraudulent intent in forming or withdrawing from the partnership and that the defendant may or may not suffer a loss of any identifiable amount of money."

The trial justice noted that the parties had consented to Gerber's withdrawal from the partnership. The amended partnership agreement was signed by all remaining parties and specifically deleted any reference to Gerber. Indeed, the trial justice found that the parties had consented to releasing Gerber from partnership liabilities.

The trial justice also noted that any attempted assessment of the partnership's ultimate losses or liabilities while it was still operating would require speculation. The court refused to conjecture about whether the partnership would eventually sustain any financial losses because the partnership had not yet completed the sale of its entire inventory of property. Further, no evidence existed of any partnership default on any of its obligations. Given these circumstances, we conclude that the trial justice did not commit error in refusing to require that plaintiff indemnify the partnership for hypothetical and as yet unrealized losses and liabilities.

In conclusion, we hold that the trial justice erred in entering a judgment in favor of the plaintiff on the breach-of-contract claim because the trial justice expressly determined that no breach occurred and the parties expressly waived any declaratory relief that may otherwise have been available. However, the court correctly granted judgment to the plaintiff on the defendants' counterclaims for indemnification or contribution. Accordingly, we sustain the defendant's appeal and vacate the entry of judgment in plaintiff's favor concerning Gerber's loans to the partnership. But we affirm that part of the judgment in the plaintiff's favor concerning the defendants' counterclaims for indemnification and contribution. Finally, we remand this case to the Superior Court for entry of an amended judgment consistent with this order.